# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEREK and JENNIFER ROUSE, individually, and as parents of N.R., W.R., and J.R., minors,<br><br>　　　　　　Plaintiffs,<br><br>-vs-<br><br>BBC AF MANAGEMENT/ DEVELOPMENT, LLC, a foreign limited liability corporation,<br><br>　　　　　　Defendant. | Case No. CIV-21-326-F |

## **ORDER**

Defendant BBC AF Management/Development LLC has moved to dismiss all claims asserted by plaintiffs. *See*, doc. no. 16. Plaintiffs have responded, opposing dismissal. *See*, doc. no. 44. Defendant has replied. *See*, doc. no. 46. The United States has submitted a statement of interest. *See*, doc. no. 48. The matter is at issue.

I.
*Introduction*

This action was originally filed in the District Court of Oklahoma County, State of Oklahoma. Defendant removed the action to this court based on the existence of diversity jurisdiction, 28 U.S.C. § 1332. At all times relevant to the action, plaintiff Derek Rouse was stationed at Tinker Air Force Base in Oklahoma City. While stationed there, Mr. Rouse, his wife, and their children resided in privatized military housing managed by defendant. The housing was located on base.

Plaintiffs allege their residence was uninhabitable and unsafe, due to water leaks, mold, and other poor, dangerous, or filthy conditions. They assert that they requested defendant to repair, remediate or abate the leaks, mold and other hazardous conditions, and defendant either did not respond or did not respond effectively. Plaintiffs seek recovery of damages from defendant under several theories of liability, including negligence, nuisance, fraud, and breach of contract.

Defendant seeks to dismiss all of plaintiffs' claims on the ground of derivative sovereign immunity. Alternatively, defendant requests the entry of summary judgment based on the immunity. In addition, defendant contends the court should dismiss plaintiffs' fraud claim on the ground that plaintiffs' allegations fail to comply with Rule 9(b), Fed. R. Civ. P.

## II.
### *Derivative Sovereign Immunity*

Defendant posits plaintiffs' claims should be dismissed under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject-matter jurisdiction because, as a government contractor, it is entitled to derivative sovereign immunity. In support of its argument, defendant relies on Yearsley v. W.A. Ross Const. Co., 309 U.S. 18 (1940). The Supreme Court in Yearsley determined that "'there is no liability on the part of the contractor' who simply performed as the Government directed" where "the Government's 'authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress.'" Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 167 (2016) (quoting Yearsley, 309 U.S. at 20-21). In Campbell-Ewald Co., the Supreme Court stated that while "'[g]overnment contractors obtain certain immunity in connection with work which they do pursuant to their contractual undertakings with the United States,'" the "immunity unlike the sovereign's, is not absolute." *Id*. (quoting and citing Brady v. Roosevelt S.S. Co., 317 U.S. 575, 580-81, 583 (1943). According to the Supreme Court, a government

contractor may be held liable for conduct causing injury to another where the contractor had "'exceeded his authority'" or the authority "'was not validly conferred.'" *Id*. at 167 (quoting Yearsley, 309 U.S. at 21).

The Tenth Circuit has not decided whether Yearsley immunity is jurisdictional. The Fourth Circuit has concluded that it is. *See*, Cunningham v. General Dynamics Information Technology, Inc., 888 F.3d 640, 650 (4th Cir.), *cert. denied*, 139 S.Ct. 417 (2018) ("Recently, in *In re KBR*, this Court reaffirmed that we treat the *Yearsley* doctrine as derivative sovereign immunity that confers jurisdictional immunity from suit.") (citing In re KBR, Inc., Burn Pit Litig., 744 F.3d 326, 343 (4th Cir. 2014)). The Fifth and Sixth Circuit have concluded otherwise. Ackerson v. Bean Dredging LLC, 589 F.3d 196, 207-08 (5th Cir. 2009) ("Based on the Supreme Court's actions in *Yearsley*, we hold that concluding *Yearsley* is applicable does not deny the court of subject-matter jurisdiction."); Adkisson v. Jacobs Engineering Group, Inc., 790 F.3d 641, 647 (6th Cir. 2015), *cert. denied*, 136 S.Ct. 980 (2016) ("*Yearsley* immunity is, in our opinion, closer in nature to qualified immunity for private individuals under government contract, which is an issue to be reviewed on the merits rather than for jurisdiction."). The court finds the Fifth and Sixth Circuits' decisions more persuasive and, therefore, finds that Yearsley immunity is a merits, as opposed to a jurisdictional, question. The court thus concludes that a review under Rule 12(b)(1), Fed. R. Civ. P., is not appropriate.

Although not asserted by defendant, the court declines to dismiss plaintiffs' claims under Rule 12(b)(6), Fed. R. Civ. P., based upon Yearsley immunity. In considering a Rule 12(b)(6) motion, the court accepts the well-pleaded facts as true and views them in favor of the plaintiffs. Casanova v. Ulibarri, 595 F.3d 1120, 1124

3

(10th Cir. 2010).[1]  Doing so, the court cannot conclude that defendant, in engaging in the conduct alleged, "simply performed as the Government directed."  *See*, Campbell-Ewald Co., 577 U.S. at 167.  (Far from it.  Plaintiff's allegations as to defendant's misfeasance as a de facto landlord smack of nothing the government would have "directed.")  The court concludes that dismissal of plaintiffs' claims under Rule 12(b)(6) based on Yearsley immunity is not appropriate.

### III.
### *Fraud Claim*

Defendant specifically challenges plaintiffs' fraud claim, arguing that it is deficient under Rule 9(b), Fed. R. Civ. P.  Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  "'At a minimum, Rule 9(b) requires that a plaintiff set forth the "who, what, when, where, and how" of the alleged fraud.'"  U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 726-27 (10th Cir. 2006) (quoting Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997)), *abrogated on other grounds*, Cochise Consultancy, Inc. v. United States ex rel. Hunt, 139 S.Ct. 1507 (2019).

Upon review of plaintiffs' allegations, the court agrees with defendant that plaintiffs' fraud claim falls short of compliance with the demands of Rule 9(b).  Important details are missing.  Although plaintiffs allege "what" was misrepresented or not disclosed to them, plaintiffs do not allege the "who, … when, where, and how" for the claim.  Therefore, the court will dismiss the claim without prejudice.[2]

---

[1] The court declines to consider matters presented by defendant outside of plaintiffs' operative pleading and treat defendant's motion as one for summary judgment under Rule 56, Fed. R. Civ. P.

[2] At the status and scheduling conference to be held in this case, the court, if requested, will set a deadline for filing motions to amend.  If plaintiffs wish to amend their pleading to restate their fraud claim in compliance with Rule 9(b), they may file a motion, in accordance with LCvR15.1, within the time prescribed by the court.

*IV.*
*Conclusion*

For the reasons stated, Defendant BBC AF Management/Development LLC's Motion to Dismiss (doc. no. 16) is **GRANTED in part** and **DENIED in part**. Plaintiffs' fraud claim is **DISMISSED WITHOUT PREJUDICE**. All other claims remain pending.

IT IS SO ORDERED this 9th day of June, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0326p011 rev_.docx