**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEREK and JENIIFER ROUSE, individually, )<br>and as parents of N.R, W.R., and J.R., minors, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>BBC AF MANAGEMENT/DEVELOPMENT, )<br>LLC, a foreign limited liability corporation, )<br>BALFOUR BEATTY COMMUNITIES, LLC a )<br>foreign company, and AMC WEST HOUSING )<br>L.P, a foreign company, )<br>)<br>Defendants. ) | Case No. CIV-21-326-R |

**AMENDED COMPLAINT**

Plaintiffs, Derek and Jennifer Rouse, individually, and as parents of N.R., W.R., and J.R., minors, for their Petition against Defendants, BBC AF Management/Development, LLC, Balfour Beatty Communities, LLC and AMC West Housing LP, state:

**PARTIES**

**Plaintiffs:**

1. Derek Rouse is active-duty military and at all relevant times was stationed at Tinker Air Force base in Oklahoma City, Oklahoma. Jennifer Rouse is Plaintiff's wife, and N.R, W.R., and J.R., minors, are their children.

2. Derek Rouse, Jennifer Rouse and their minor children are all citizens of Oklahoma.

**Defendant BBC AF Management/ Development LLC**

3. BBC AF Management/Development LLC manages privatized military housing on Tinker Air Force base, including the housing that Plaintiffs rent/rented. The

1

following statements concerning Defendant BBC AF Management/Development LLC's citizenship and places of business are based upon Plaintiffs' information and belief.

4. BBC AF Management/Development LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at One Country View Road in Malvern, Pennsylvania.

5. The sole member of BBC AF Management/Development LLC is Balfour Beatty Military Housing Investments LLC.

6. Balfour Beatty Military Housing Investments LLC is organized under the laws of the State of Delaware with its principal place of business located at One Country View Road in Malvern, Pennsylvania.

7. Balfour Beatty Military Housing Investment LLC is owned by Balfour Beatty Communities, LLC, which is owned by Balfour Beatty LLC, which is owned by Balfour Beatty Holdings Inc., all of which are Delaware corporations, and all of which have their principal places of business at One Country View Road in Malvern, Pennsylvania.

**Balfour Beatty Communities, LLC**

8. Balfour Beatty Communities, LLC, manages privatized military housing on Tinker Air Force base, including the housing that Plaintiffs rent/rented.  The following statements concerning Defendant Balfour Beatty Communities, LLC's citizenship and places of business are based upon Plaintiffs' information and belief.

9. Defendant Balfour Beatty Communities, LLC, is owned by Balfour Beatty LLC, which is owned by Balfour Beatty Holdings, Inc., which is owned by Balfour Beatty Overseas Investments Limited, which is owned by Balfour Beatty Investments Holdings Limited, all of which are organized under the laws of the State of Delaware, with their principal places of business at One Country View Road in Malvern, Pennsylvania.

10. Balfour Beatty Investments Holdings Limited is owed by Balfour Beatty plc.

11. Balfour Beatty plc is a publicly held company with its headquarters in London, United Kingdom, that trades on the London Stock Exchange under the ticker BBY.L.

**AMC West Housing, LP**

12. AMC West Housing, LP is a Delaware corporation, which manages privatized military housing on Tinker Air Force base, including the housing that Plaintiffs rent/rented. The following statements concerning Defendant AMC West Housing, LP's citizenship and places of business are based upon Plaintiffs' information and belief.

13. AMC West Housing, LP, is a limited partnership organized under the laws of the State of Delaware with its principal place of business located at One Country View Road in Malvern, Pennsylvania.

14. The partners of AMC West Housing, LP are BBC Military Housing – AMC Limited Partner LLC and BBC Military Housing – AMC General Partner LLC, which are

both limited liability companies organized under the laws of the State of Delaware, with their principal places of business in Malvern, Pennsylvania.

15. BBC Military Housing – AMC Limited Partner LLC and BBC Military Housing – AMC General Partner LLC are owned by Balfour Beatty Military Housing Investments LLC.

16. Balfour Beatty Military Housing Investments LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Malvern, Pennsylvania.

17. Balfour Beatty Military Housing Investments LLC is owned by Defendant Balfour Beatty Communities, LLC, which is owned by Balfour Beatty LLC, which is owned by Balfour Beatty Holdings, Inc., which is owned by Balfour Beatty Overseas Investments Limited, which is owned by Balfour Beatty Investments Holdings Limited, all of which are organized under the laws of the State of Delaware, with their principal places of business located at One Country View Road in Malvern, Pennsylvania.

18. Balfour Beatty Investments Holdings Limited is owned by Balfour Beatty plc.

19. Balfour Beatty plc is a publicly held company with headquarters located in London, United Kingdom, that trades on the London Stock Exchange under the ticker BBY.L.

20. BBC AF Management/Development, LLC, Balfour Beatty Communities, LLC and AMC West Housing, LP, all identified and named in paragraphs 3-19, will hereinafter be referred to collectively as Defendants.

**JURISDICTION AND VENUE**

21. This Court has federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because some of the Plaintiffs' claims arise under laws of the United States, and the Court therefore has ancillary jurisdiction over all of the state-law claims alleged herein.

22. This Court also has jurisdiction over this proceeding pursuant to federal enclave subject-matter jurisdiction. Federal enclave jurisdiction is part of the Court's federal question jurisdiction under 28 U.S.C. § 1331. See *Paul v. United States*, 371 U.S. 245, 267 (1963); *Arlington Hotel Co. v. Fant*, 278 U.S. 439, 455 (1929); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998).

23. The events giving rise to Plaintiffs' lawsuit occurred at Tinker Air Force Base. Portions of Tinker Air Force Base arguably qualify as a federal enclave over which the United States government exercises a degree of federal legislative jurisdiction. See U.S. CONST., art. I, §8, cl. 17; see also *Kelly v. Lockheed Martin S'vcs. Group*, 25 F. Supp. 2d 1, 3 (D. Puerto Rico 1998). Although the State of Oklahoma retains concurrent jurisdiction over Tinker Air Force Base as well, federal courts have subject-matter jurisdiction over controversies arising on federal enclaves. But the laws of the State of Oklahoma with respect to the housing units at issue are valid and enforceable on the enclave and/or remaining portions of Tinker Air Force Base.

24. In determining whether a claim arises on a federal enclave, courts have looked to see where "pertinent events" took place. See *Stiefel v. Bechtel Corp.*, 497 F. Supp.

2d 1138, 1148 (S.D. Cal. 2007) (citing *Snow v. Bechtel Const. Inc.*, 647 F. Supp. 1514, 1521 (C.D. Cal.1986)). This complaint makes it facially apparent that the pertinent events giving rise to the Plaintiffs' claims arise out of their occupancy in housing properties controlled by the Defendants on Tinker AFB.

25. This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. § 1367.

26. This Court has personal jurisdiction over the Defendants because they have committed the acts complained of herein in this State and in this District.

27. The Defendants have significant contacts with the Western District of Oklahoma such that they are subject to the personal jurisdiction of this Court.

28. This Court has personal jurisdiction over the Defendants for the additional reason that they have engaged in substantial, systematic and continuous contacts with this State by, inter alia, regularly conducting and soliciting business in this State and this District, deriving substantial revenue from services provided to persons in this State and this District.

29. This Court further has jurisdiction due to complete diversity of Plaintiffs and Defendants, pursuant to 28 U.S.C. § 1332, as Plaintiffs and Defendants are residents of different states.

30. Venue in this proceeding is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because Tinker Air Force Base, where the housing at issue is located, is within the geographical boundaries of the United States District Court for the

Western District of Oklahoma and, as such, a substantial part of the events and/or omissions giving rise to this claim occurred here.

## **FACTS**

31. From approximately 2015 to January 15, 2020, Plaintiffs lived on Tinker Air Force Base in privatized military housing which was managed by Defendants.

32. Plaintiffs home was located at 7137A Mundell Street. Plaintiffs also briefly lived in other temporary homes on Tinker Air Force Base, at the insistence and direction of Defendants, and the allegations below also apply to said temporary homes.

33. The Plaintiffs signed a lease whereby Defendants served as the maintenance company for the residence. In other words, Defendants were Plaintiffs' landlord and responsible to provide a safe house for this military family.

34. Plaintiffs' residence was uninhabitable and unsafe, due to water leaks, mold and other various poor and/or dangerous and/or filthy conditions.

35. Plaintiffs requested / complained / asked Defendants at various times to repair or remediate or abate leaks and/or mold and/or other hazardous living conditions, and Defendants either did not respond or did not respond effectively.

36. Defendants owed a duty to the Plaintiffs and breached that duty, thus proximately causing the damages set forth herein.

37. Defendants knew or should have known that its failure to properly repair or abate water leaks would lead to mold growth in Plaintiffs' home, and such would cause damage to the Plaintiffs' personal property and cause adverse physical and mental health effects.

38. Defendants knew or should have known that its failure to properly remove, remediate and/or abate mold growth in Plaintiffs' home, and such would cause damage to the Plaintiffs' personal property and cause adverse physical and mental health effects.

39. Defendants are negligent per se under 41 O.S. Section 118 for failing to make all repairs and do whatever necessary to keep the Plaintiffs residence in a fit and habitable condition and for failing to maintain in good and safe working order all plumbing, heating, ventilating and air conditioning appliances and facilities, and for failing to repair, remove, abate and/or remediate water leaks and mold.

40. Defendants' failure to repair, remove, abate and/or remediate water leaks and mold constitute a private nuisance that annoyed, injured, or endangered the comfort, repose, health and/or safety of Plaintiffs.

41. Defendants fraudulently misrepresented to Plaintiffs the existence of water leaks and mold in Plaintiffs' residence, and knowingly and intentionally withheld information regarding ongoing maintenance issues and failed to disclose the true condition of Plaintiffs' residence, and Plaintiffs relied on Defendants' representation that the home was safe. As a direct result of this reliance, Plaintiffs sustained personal and property damages and injuries.

42. Defendants had a contract(s) with Plaintiffs (or with other parties by which Plaintiffs were third party beneficiaries) to maintain Plaintiffs' home in fit and habitable and safe conditions. By failing to disclose known hazards with the home, by failing to repair, remediate, eliminate, abate known water leaks and/or known mold and/or

other known hazards to health and property, Defendants breached this contract(s) and Plaintiffs thereby suffered damages to property and physical and emotional injuries and trauma.

43. Plaintiffs sustained loss and damage to personal properties, and Defendants are liable for the cost of repairs to these properties and/or fair market value.

44. Plaintiff Jennifer Rouse sustained and experienced health issues as a result of living in the subject residence and may currently and in the future experience health issues as a result of living in the subject residence and seeks to hold Defendants responsible for these health issues.

45. Plaintiff N.R, a minor, sustained and experienced health issues as a result of living in the subject residence, and may currently and in the future experience health issues as a result of living in the subject residence, and seeks to hold Defendants responsible for these health issues.

46. Plaintiff W.R., a minor, sustained and experienced health issues as a result of living in the subject residence, and may currently and in the future experience health issues as a result of living in the subject residence, and seeks to hold Defendants responsible for these health issues.

47. Plaintiff J.R., a minor, sustained and experienced health issues as a result of living in the subject residence, and may currently and in the future experience health issues as a result of living in the subject residence, and seeks to hold Defendants responsible for these health issues.

48. Plaintiff Derek Rouse sustained and experienced health issues as a result of living in the subject residence and may currently and in the future experience health issues as a result of living in the subject residence and seeks to hold Defendants responsible for these health issues.

49. That the foregoing paragraphs are incorporated by reference as if set forth verbatim.

### *Defendants' Fraudulent Work Order Completion Scheme.*

50. Defendants took over housing operations/management at Tinker Air Force Base in 2008.

51. Balfour Beatty and/or Defendants receive substantial financial incentives from the US Government for timely responding to maintenance requests in its housing operations.

52. In 2013 Balfour Beatty emailed a directive to employees to modify and 'correct' work orders so that they comply with the Response Time of 30 minutes-l hour.

53. Robert Whittington, Balfour Beatty's manager at Tinker Air Force Base from 2014 until July 2017, admitted he doctored work-order information in the electronic maintenance logs at the direction of his superiors and pressured staff to close out unfinished work orders, so that late responses would not count against the company.

54. In 2015, internal work order data shows, Balfour Beatty recorded 23 late work orders out of 6,000 jobs.

55. In 2016 and 2017, there were at least 65 instances in which Balfour Beatty employees backdated repair requests, filed paperwork claiming false exemptions from response time requirements, or closed out unfinished maintenance requests.

56. In 2016, Balfour Beatty executives cut Tinker Air Force base's maintenance staff from six to five leaving about 132 homes for each worker to cover while Balfour Beatty continued to represent to the Air Force that it was responding promptly to maintenance requests.

57. In the Summer of 2016, Air Force housing officials at Tinker Air Force Base interviewed residents and confirmed that Balfour Beatty was not entering requests when residents called them in.

58. In July of 2016, Tinker Air Force Base housing personnel noticed a hand-written maintenance schedule on the desk of a Balfour Beatty work-order clerk named Tina Brown that differed from the "official" schedule submitted to the US Government to obtain payment.

59. Internal Balfour Beatty documents show the company issued broad instructions to employees to alter the books.

60. In 2016, another internal memo shared via email instructed clerks to place maintenance requests in a red folder if the workload was excessive and could not be scheduled right away.

61. In 2016, Balfour Beatty said the company learned that one employee at Tinker Air Force Base had acted "improperly," but described the incident as isolated and claimed to have worked with the Air Force to strengthen its maintenance system.

62. In mid-2016, Tina Brown was fired, and company executives directed Balfour Beatty employees at Tinker Air Force Base to stop keeping a second set of hand-written maintenance logs.

63. The number of late work orders skyrocketed from 8 to 377. Balfour Beatty regional manager Bailey directed employees to make sure the maintenance numbers met the incentive fee goals by massaging the records using "work order exception policy" to keep winning incentive fees.

64. On September 1, 2016, Balfour Beatty manager Robert Whittington sent an email directing two employees to close 119 resident maintenance requests in four hours. "The objective is to get ALL open Work orders closed today!"

65. In the third quarter of 2016, Balfour Beatty again reported stellar figures, saying it completed between 96% and 98% of maintenance calls on time. The company sought 100% of the incentive fees for which it was eligible that quarter, $41,536.

66. In 2017, discrepancies in the maintenance records and allegations of fraud involving Tinker Air Force Base and at least two other company bases were referred to the Air Force Office of Special Investigations and the Federal Bureau of investigation.

67. In August of 2017, Tinker Air Force Base's housing office provided AFCEC with evidence that Balfour Beatty was claiming fake exceptions, Tinker Air Force Base staffers urged a curtailing of incentive fees.

68. In December of 2017, the warnings continued. In response, AFCEC cut 3.8% of Balfour Beatty's incentive fees for the second and third quarters of 2017.

69. In 2018, Balfour Beatty said it and the Air Force implemented a new process for recording work orders, including the use of exceptions.

70. In 2018, Tinker Air Force Base had about 1,850 late work orders and the records showed that more than 1,100 fell under a time policy exception.

71. In February 2019, Balfour Beatty Communities President Christopher Williams told Congress the company earned $33 million in annual profit on its military housing operations. The incentive fees alone on those operations were worth about $800 million over the life of the 50-year contracts it holds for 43,000 homes on 55 Air Force, Navy and Army bases across the country.

72. In April of 2019, Balfour Beatty marked a work order from Derek and Jennifer Rouse as finished on time, claiming to have fixed the couple's back door by installing new weather stripping. However, new weather stripping was never installed.

73. . On June 18, 2019, Reuters/CBS News reported on Tinker Air Force Base "Military Housing Contractor Ignored Dangerous Filth and Misled Air Force Investigation Shows."

74.  Defendants misled the Air Force to qualify for $800 million in bonus payments by falsely certifying that it had completed work orders on time when it had not.

75. In December of 2019, in response to the Reuters/CBS story and Department of Justice's Civil Investigative Demand, Balfour Beatty filed an Improvement Action Plan with U.S. Air Force.

76. On or about January 2020, the Air Force Office of Special Investigations and the Environmental Protection Agency's Criminal Investigation Division executed a federal search warrant and raided the Tinker Air Force Base offices of Balfour Beatty Communities seizing computers and other materials for its investigation into Balfour Beatty's fraudulent work order completion scheme.

## **CLAIM FOR RELIEF**

77. That the foregoing paragraphs are incorporated by reference as if set forth verbatim, and all allegations are made against all Defendants.

78. That Defendants had a duty to disclose certain facts to Plaintiffs without which Plaintiffs would not have entered into the transaction. Defendants failed to disclose the following facts at the outset of the transaction and during the Plaintiffs' tenancy:

    a. That the homes were notorious for developing leaks.

    b. The Rouses' home contained faulty PEX plumbing that continuously leaked behind the walls.

    c. That Plaintiffs' homes had a history of mold.

    d. That Defendants performed repairs when they had not.

79. That the Defendants intended that Plaintiffs would not discover the foregoing information. Had the Plaintiffs discovered the foregoing information, they would not have entered into the transaction or continued to reside in the home.

80. That Plaintiffs' damages are a direct result of Defendants' failure to disclose material information.

81. Defendants were negligent. They owed a duty to the Plaintiffs and breached it. Plaintiffs were damaged as a result thereof.

82. Defendants were landlords and failed to provide a safe and habitable living condition for Plaintiffs, for which they are responsible under Oklahoma law.

83. Defendants took advantage of young military families, happy to make a home on base and start a family. Yet Defendants, instead of providing a safe and habitable home, chose to put them at risk for illness and sickness and stress and discomfort and worry, all for their own profit and gain. Defendants cared nothing about the Plaintiffs and other military families.

WHEREFORE, Plaintiff prays for judgment against the Defendants in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00), the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, costs of this action, attorney fees and for such other and further relief as the Court deems just and proper.

BRYAN GARRETT
119 N. Robinson, Ste. 650
OKC, OK 73102
405-839-8424 – Telephone
888-261-7270 – Fax

By: /s/ Bryan Garrett
BRYAN G. GARRETT, OBA #17866
bryan@bgarrettlaw.com
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF MAILING**

    X    I hereby certify that on this 20th day of July 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

W. Brett Willis, OBA #15168
Linda G. Kaufmann, OBA #14759
JENNINGS TEAGUE PC
204 N. Robinson, Ste. 1000
OKC, OK 73102
bwillis@jenningsteague.com
lkaufmann@jenningsteague.com
405-609-6000
405-609-6501 - fax
*Attorney for Defendants*

Tina A. Syring-Petrocchi, OBA
LOUIS, BRISBOIS, BISGAARD & SMITH, LLP
90 S. 7th St., Ste. 2800
Minneapolis, MN  55402
612-428-5000
Tina.syring@lewisbrisbois.com
*Attorney for Defendants*

Richard G. Morgan, OBA #
LEWIS, BRISBOIS, BISGAARD & SMITH, LLP – MINNEAPOLIS
90 S. 7th St., Ste. 2800
Minneapolis, MN 55402
612-428-5000
Richard.mogan@lewisbrisboi.com
*Attorney for Defendants*

                                                                 /s/ Bryan Garrett